**Richard LEWIS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3101.

United States Court of Appeals, Federal Circuit.

Oct. 11, 2002.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Richard Lewis appeals from a decision of the Merit Systems Protection Board, Docket No. NY–0752–01–0260–I–1, upholding his removal from the United States Postal Service. The Board dismissed Mr. Lewis's appeal for untimeliness. We *affirm*.

## BACKGROUND

Mr. Lewis was employed as a laborer-custodian at a Postal Service facility in New York City. On November 9, 1999, Mr. Lewis was arrested after postal inspectors observed him searching mail hampers and removing approximately 1,414 compact disks from the hampers. On February 1, 2000, the Postal Service issued Mr. Lewis a notice of proposed removal for removing compact disks from mail hampers without authorization and for violating the Postal Service's Code of Ethical Conduct. Mr. Lewis was removed by a letter of decision dated March 14, 2000, which informed him of his right to appeal the removal to the Merit Systems Protection Board and of the 30–day time limit for filing such an appeal.

Mr. Lewis filed a grievance protesting his removal, and the grievance eventually proceeded to arbitration. On May 9, 2001, the arbitrator issued a decision denying Mr. Lewis's grievance and upholding his removal on the merits.

Mr. Lewis filed an appeal to the Board on May 30, 2001, more than a year after the appeal period had expired. The Postal Service moved to dismiss the appeal as untimely, and the administrative judge ordered Mr. Lewis to show good cause for the untimely filing. In response to the administrative judge's order, Mr. Lewis claimed that he was not apprised of his appeal rights and that he was misled as to whether he could simultaneously pursue a grievance and an appeal to the Merit Systems Protection Board.

The administrative judge dismissed the appeal as untimely. The administrative judge found that Mr. Lewis received notice of his appeal rights but "did not exercise due diligence or ordinary prudence under the circumstances in filing his appeal." The decision of the administrative judge became the final decision of the Board on November 2, 2001, and this appeal followed.

## DISCUSSION

An appeal to the Merit Systems Protection Board must be filed within 30 days of the effective date of the adverse agency action, or within 30 days of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The Board will waive the time limit upon a showing of good cause for the untimely filing. 5 C.F.R. §§ 1201.12, 1201.22(c). The burden is on the petitioner to demonstrate excusable delay. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

The sole question before us is whether the Board abused its discretion by holding that Mr. Lewis failed to show good cause for his untimely filing. When determining whether an appellant has shown good cause, the Board considers factors such as (1) the length of the delay, (2) the reasonableness of the appellant's excuse and any showing of due diligence, (3) whether the appellant is proceeding *pro se,* and (4) whether the appellant has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits, or of unavoidable casualty or misfortune that caused the appellant to be unable to file in a timely fashion. *Walls v. Merit Sys. Prot. Bd.,* 29 F.3d 1578, 1582 (Fed.Cir. 1994).

Mr. Lewis filed his appeal more than a year after the deadline. He asserts that he was not informed, either by his union or by the Postal Service, that he could simultaneously pursue a grievance and an appeal to the Merit Systems Protection Board. The administrative judge found, however, that Mr. Lewis was provided with clear notice of the applicable time limits and information explaining how to file an appeal with the Board. There was no suggestion that the time limit would not apply if he first pursued relief through the grievance process. As to his claim that the union failed to represent him adequately because the union officials did not inform him of his right to appeal to the Board as well as grieve his removal, the fact that the union did not advise him of his rights before the Board provides no legal excuse for his failure to exercise due diligence to pursue his Board remedies. *See Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437–38 (Fed.Cir.1986) (appellant cannot obtain relief based on errors by his chosen representative).

Finally, Mr. Lewis contends, without elaboration, that his arrest and removal violated his constitutional rights in several respects. We discern no constitutional violation bearing on the decision under review here. We conclude that the Board did not abuse its discretion in dismissing Mr. Lewis's appeal as untimely, and we therefore affirm the Board's order of dismissal.